E. S. Shipp v. Commissioner.
E. S. Shipp v. Commissioner
Docket No. 36769.
United States Tax Court
1953 Tax Ct. Memo LEXIS 210; 12 T.C.M. (CCH) 682; T.C.M. (RIA) 53212; June 15, 1953
Dexter D. Jones, Esq., for the petitioner. William P. Flynn, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $1,451.42 in the petitioner's income tax for 1949. The only issue for decision is whether fees to an attorney and to an accountant in defense of a lawsuit are deductible as ordinary and necessary expenses under section 23 (a) (2). The facts have been stipulated and are found as stipulated. The petitioner *211 filed his individual return for 1949 with the collector of internal revenue for the Sixth District of California. The petitioner and Elaine Shipp were married on April 11, 1940 and continued as husband and wife until Elaine died on July 27, 1948. Her executor, one month later, filed an action in a California court against the petitioner, his two sons and five corporations in which the petitioner held stock. The principal purpose of the suit was to obtain for Elaine's estate stock in the corporations held by the petitioner, stock in one recently transferred to his sons after Elaine and the petitioner had separated, small amounts of money held by the petitioner in banks and large amounts allegedly due him from the corporations as salary, all of which was claimed by the executor as Elaine's share of the community property of herself and the petitioner. The complaint mentioned some other property which the petitioner, in his answer, admitted he had given to Elaine or which he denied owning. He admitted that he owned stock in the corporations and money in banks but denied it was community property and alleged it was his separate property. He denied that any money was due him from the *212 corporations. The Court decided, in accordance with the answer filed by the petitioner, that the stock and bank deposits held by the petitioner was his separate property and that none claimed by the executor was community property. The petitioner employed an attorney and an accountant to assist him in his defense against the claims of Elaine's executor and paid them $2,575 in 1949. He deducted that amount on his 1949 return as expenses in connection with the management, conservation or maintenance of property held for the production of income. The Commissioner disallowed the deduction. Legal and accounting fees paid in defending title to property are capital expenditures and are not deductible as ordinary and necessary expenses under section 23 (a) (1) or (2). ; , certiorari denied ; , affd. ; ; , certiorari denied ; , *213 affd. ; , affd. on this point , aff'd. on other issues ; ; ; . There is here no question of allocation of the fees. Cf. Midco Oil Co., 20 T.C. -, (June 10, 1953. The primary purpose of the suit was to obtain title to property claimed by the petitioner as his separate property and the expenditures in question were for the purpose of defending that title. Decision will be entered for the respondent.